UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) | No. 3:14-CR-10-GFVT-HAI-3 |
| v. | ) | RECOMMENDED DISPOSITION |
| HENRY IRVING RAMER, | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In May 2015, a federal jury found petitioner Henry Irving Ramer ("Ramer") guilty of multiple counts of mail fraud, along with one count of conspiracy to commit money laundering and one count of using deceptive devices in connection with the sale of a security. D.E. 398. He was sentenced in September 2015 to a total term of 156 months of imprisonment, to be followed by three years of supervised release. *Id*. The Court of Appeals upheld his conviction and sentence in a lengthy published opinion issued February 26, 2018. D.E. 561. As that Court explained, "This case involves a group of individuals who schemed to defraud investors through the marketing of a series of spurious oil and gas drilling projects." *Id*. at 1.

On November 8, 2018, Ramer placed in the prison mail a timely filed motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 591. His motion form is accompanied by two memoranda. D.E. 591-1, 591-3. The Court recognizes that Ramer is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than motions prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Section 2255 permits a federal prisoner to seek habeas relief on the basis that his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). The Rules also require the petitioner to specify all available grounds for relief and "state the facts supporting each ground." Rules Governing Section 2255 Cases, Rule 2(c).

In accordance with local practice, the matter was assigned to the undersigned to conduct a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Under such review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id*. Also, by statute, the Court may dismiss a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Dismissal may be warranted, for example, when the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Ramer's motion must be dismissed upon initial review. His arguments are either legally frivolous, insufficiently specific or unsupported by any stated facts. "[A] court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without

2

merit." *Sumner v. Mata*, 449 U.S. 539, 548 (1981); *see also United States v. States*, 242 F. App'x 362, 363 (7th Cir. 2007). Nevertheless, for review purposes, the Court will briefly address the merits of Ramer's arguments when practicable to do so.

### I.  Grounds One and Two

In Ground One of his § 2255 motion, Ramer asks, "Can the United States and their Agents prosecute an individual without a delegation of authority order?" D.E. 591 at 4. Ramer argues that the record contains no "duly constituted delegation of authority order," and his counsel was ineffective for failing to investigate this alleged jurisdictional shortcoming. *Id*. Ramer's theory is that the Court lacks jurisdiction to prosecute absent "a duly constituted delegation of authority order." D.E. 591-1 at 1; *see also* D.E. 591-3 at 5-6.

Similarly, Ground Two alleges this Court lacked subject-matter jurisdiction over his prosecution because there were no "implementing regulations supporting the charging statutes." D.E. 591 at 5. He argues his counsel was ineffective for failing to investigate this jurisdictional defect. *Id*.

In support of these theories, Ramer offers a series of arguments similar to those made in "tax protester" cases. D.E. 591-1 at 2. For example, he argues that the statutes under which he was convicted do not impose a "duty" on him, and that "the Secretary" must issue implementing regulations to impose such a duty. *Id*. These arguments are clearly aimed at the tax code. In fact, Ramer's memorandum explicitly references the "Internal Revenue Code," even though Ramer was not convicted of tax crimes. *Id*. at 3. Ramer's memorandum contains what one Court has described as "shop-worn tax-protestor arguments that courts have consistently rejected for over a century" as "unbelievably frivolous." *United States v. Bodley*, 674 F. App'x 576, 577

3

(7th Cir. 2017).  And, in this non-tax criminal case, Ramer's frivolous arguments are not even on point.

The law is clear that there is no need for the government to obtain a delegation of authority order to prosecute federal crimes.  *See United States v. Simpson*, 845 F.3d 1039, 1069 n.5 (10th Cir.) (describing a motion seeking a copy of a "Certified Delegation of Authority Order" as "frivolous"), *cert. denied*, 138 S. Ct. 140 (2017).  To the extent that Ramer argues that the federal criminal code is unconstitutional because of supposed irregularities in its enactment, this argument too is "frivolous."  *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007); *Bodley*, 674 F. App'x at 577.  Federal district courts have exclusive original jurisdiction over all offenses against the laws of the United States.  *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (citing 18 U.S.C. § 3231).  Criminal violations do not need implementing regulations to be effective.  *United States v. Warner*, 194 F.3d 1319 (9th Cir. 1999) (table).

Ramer also argues that "the crimes listed in the indictment are not stand alone statutes;" rather, he was prosecuted "for a penalty statute."  D.E. 591-1 at 6.  This is manifestly incorrect.  The statutes identified in the Superseding Indictment, 18 U.S.C. §§ 1341 and 1956(h) and 15 U.S.C. § 78j(b), clearly prohibit the charged conduct.  Each statute imposes a duty that the jury eventually found Ramer violated.  On a related note, the Superseding Indictment did not "fail[] to charge an offense."  D.E. 591-3 at 4.  Rather, it clearly identified the charged crimes.  *See* D.E. 51.

Ramer further argues that his due process rights were violated because his prosecution "did not begin with the affidavit of criminal complaint as required by the Fourth Amendment and Rules 3 and 4 of the Federal Rules of Criminal Procedure."  D.E. 591-1 at 7.  But a prosecution may be initiated by indictment, which was the case here.  Fed. R. Crim. P. 7 (stating that felonies

must be prosecuted by indictment). Ramer argues that the Fourth Amendment requires prosecutions to begin with a criminal complaint, but he ignores that the Fifth Amendment provides for prosecution by grand jury indictment. *Id*. at 8.

Ramer argues that the Court violated Rule 5, which pertains to initial appearances on complaints, because the Court did not advise him concerning the complaint and affidavit. D.E. 591-1 at 8. But, again, there was no complaint in this case. Rule 5 did not apply because the prosecution commenced by indictment, and Ramer was properly arraigned in accordance with Rule 10. *See* D.E. 125.

Ramer argues the indictment failed to include a clause establishing this Court's jurisdiction. D.E. 591-3 at 6. The record contradicts this argument. The Superseding Indictment that charged him indicates the offenses occurred "in Frankfort," "in Covington," and in other places "in the Eastern District of Kentucky" and elsewhere. D.E. 51 at 1, 10-11.

Ramer argues that "multiple rotating jurisdictions were used" during his prosecution without his knowledge and consent. D.E. 591-3 at 3, 5. He provides no basis for this assertion, and identifies no other "jurisdictions." The record indicates this Court had jurisdiction of this case from the indictment through the judgment. This argument is frivolous and unsupported by any facts.

Each of Ramer's jurisdictional arguments is frivolous. This being the case, he has no basis on which to allege corresponding ineffective assistance of counsel.

## II. Ground Three

Ramer argues in Ground Three that he "had a right to challenge the grand jury array," and counsel was ineffective for failing to investigate this issue. D.E. 591 at 6.

5

First, he argues "the grand jury had no basis for initiating an investigation as there was also no duly constituted delegation of authority order." D.E. 591-1 at 9. As previously noted, no such orders are needed to prosecute federal crimes. *United States v. Simpson*, 845 F.3d 1039, 1069 n.5 (10th Cir. 2017); *United States v. Warner*, 194 F.3d 1319 (9th Cir. 1999) (table); *Abdullah v. Morton*, No. 1:16-CV-1292, 2017 WL 2387833, at *1-2 (W.D. Mich. Apr. 13, 2017), *report and recommendation adopted*, 2017 WL 2378818 (W.D. Mich. June 1, 2017). This argument is frivolous.

Second, he argues he was "denied the right to challenge the grand jury of the charges before the administration of the oath to the jurors" as provided by Rule 6(b)(1). D.E. 591-1 at 9. Rule 6(b)(1) provides, "Either the government or a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified." Fed. R. Crim. P. 6(b)(1).[1] Ramer nowhere argues that the grand jury was unlawfully drawn, summoned, or selected, or that any juror was not legally qualified. Absent any theory as to how Ramer was harmed or prejudiced, there is no basis for the Court to provide relief on this ground.

Third, Ramer argues the Court failed to Comply with Rule 6(f), which concerns the returns of indictments. D.E. 591-1 at 10. He argues again that there was no affidavit of complaint in his case. *Id*. But Rule 6 does not require a complaint before a grand jury may indict. He further argues, "when the grand jury issues an indictment, the return must be made in open court to a magistrate judge, and this was not done." *Id*. This assertion is factually inaccurate, as the Superseding Indictment that charged Ramer was returned in open court in Covington on October 9, 2014, before Magistrate Judge Wehrman, with sixteen grand jurors concurring. No. 2:14-MISC-88888, D.E. 38, 39, 40 (sealed grand jury records).

---

[1] Ramer's quotation of this Rule is not accurate. D.E. 591-1 at 9.

6

Each of these claims concerning the grand jury is either frivolous, insufficiently developed, or contradicted by the record. That being so, Ramer has no basis for alleging ineffective assistance of counsel vis-a-vis the grand jury.

### III. Other Matters

Ramer makes other arguments that are insufficiently developed for the Court to consider. *See* Rules Governing Section 2255 Cases, Rule 2(c). For example, he alleges a violation of Federal Rule of Civil Procedure 17(a), but fails to explain how this rule applies to his case or how it was violated. D.E. 591-3 at 6. He alleges he received no *Miranda* warning. *Id*. But he fails to point to any circumstance under which the warning should have been given. He argues his counsel was ineffective at trial for permitting "a multitude of leading questions," but fails to provide further specificity or identify how he was prejudiced. *Id*. He claims his counsel and the prosecution worked out a "deal" that determined his fate, in violation of separation of powers. *Id*. But he does not identify what this deal might have been. Ramer did not plead guilty, and the parties argued over the appropriate sentence. *See* D.E. 385, 387 (sentencing memoranda). He faults trial counsel for "the total and utter failure to investigate all avenues of relief, exculpatory evidence, and the lack of objections during cross-examination," but fails to develop these arguments. D.E. 591-3 at 7. The same goes for his argument that the government presented false evidence and failed to prove chain-of-custody. *Id*. at 5.

Other arguments are contradicted by the record. For example, Ramer argues his counsel made no investigation or presentment of evidence of his "actual innocence." D.E. 591-3 at 6. This is absurd, as Ramer, assisted by counsel, went to trial and argued unsuccessfully that he was not guilty of all charges. *See* D.E. 312, 398.

To the extent that Ramer has raised nonconstitutional errors in his § 2255 motion, each of them was waived by failure to raise them on direct appeal. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *see also United States v. Yarber*, No. 5:13-CR-62-JMH-HAI-3, 2016 WL 8252815, at *2 (E.D. Ky. Nov. 16, 2016) (discussing the standards to overcome this form of procedural default). This waiver provides an alternative basis to dismiss several of his claims. Further, Ramer raises some claims in his § 2255 petition that were litigated on appeal. *Compare* D.E. 591-3 at 5 (alleging *Brady* error and challenging the admission of protective orders) *with* D.E. 561 at 9-13, 27-29 (Court of Appeals opinion). Absent an exceptional circumstance, such as an intervening change in the law, petitioners may not use a § 2255 motion to relegate an issue that was raised on appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Ramer points to no such circumstances here. Because each of the arguments discussed in this Section fails on the merits, Ramer has no basis upon which to assert any corresponding ineffective assistance of counsel.

## IV. Conclusion

"[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4. The undersigned therefore **RECOMMENDS** that Ramer's § 2255 motion be **DISMISSED** upon initial review.

Typically, before recommending dismissal on procedural grounds, the Court grants the petitioner a further opportunity to respond to "accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). "The long-standing general rule is that a court

may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). To the extent that this recommendation of dismissal is based on procedural grounds, the filing of this Recommended Disposition, along with the corresponding opportunity to object, satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

This case does not warrant an evidentiary hearing, and Ramer disclaims any desire for one. D.E. 591-3 at 7. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); s*ee also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, the record "conclusively show[s]" Ramer is entitled to no relief. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to each of Ramer's claims. No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue. Ramer's § 2255 motion is completely frivolous.

Any objection to, or argument against, dismissal must be asserted **before the District Judge** in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 26th day of November, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge