UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Respondent, | ) | Crim No.: 3:14-cr-00010-GFVT-HAI-3 |
| | ) | Civil No.: 3:18-cv-00062-GFVT-HAI |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HENRY IRVING RAMER, | ) | **&** |
| | ) | **ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. Defendant Henry Irving Ramer filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 591.] Consistent with local practice, Judge Ingram reviewed the motion and prepared a Recommended Disposition. [R. 593.]

After considering the record, Judge Ingram determined that Mr. Ramer is not entitled to relief under 28 U.S.C. § 2255. Specifically, Judge Ingram found Mr. Ramer's legal theories "frivolous," and his claims that defense counsel failed to adequately investigate his theories insufficient to support a claim for ineffective assistance of counsel. *Id.* at 4–5. Furthermore, Judge Ingram recommended denying a certificate of appealability. *Id*. at 9.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s]

problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Mr. Ramer's objections, even under the less stringent standard applied to pleadings made by *pro se* litigants, are not sufficiently specific to trigger *de novo* review. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Mr. Ramer objects not to Judge Ingram's findings, but rather makes a general objection to Judge Ingram's involvement in the matter at all, on the grounds that Judge Ingram is part of some nefarious "cover up." [R. 595 at 3.] Apart from the allegation of a cover-up, rather than identifying specific factual or legal issues, Mr. Ramer reiterates the same arguments he presented in his initial petition. [*Compare* R. 595 *with* R. 591.] Even so, the Court has reviewed Judge Ingram's Recommendations and agrees with his conclusions. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Collins's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Henry Irving Ramer's Objections [**R. 595**] are **OVERRULED**;

2. Magistrate Judge Hanly A. Ingram's Report and Recommendation [**R. 593**] as to Defendant Henry Irving Ramer is **ADOPTED** and for the Opinion of the Court;

3. Defendant Henry Irving Ramer's Petition for habeas corpus relief pursuant to § 2255 [**R. 591**] is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 17th day of December, 2018.

Gregory F. Van Tatenhove
United States District Judge